UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVSION

TROY T. SMITH, an individual,      )      NO.  2:24-cv-288
                                   )
                  Plaintiff,       )
                                   )      COMPLAINT (42 U.S.C. § 1983)
        v.                         )
                                   )
SNOHOMISH COUNTY,                  )      JURY TRIAL DEMANDED
CITY OF EVERETT,                   )
and J. DOE #1 through 50, inclusive. )
                                   )
                  Defendants.      )
                                   )

**INTRODUCTION**

Plaintiff alleges as follows:

1.      Plaintiff Troy Smith had his animals confiscated by the Snohomish County Animal Control and timely filed a hearing to contest the taking of his property. He was deprived of his due process rights under the law when the government refused to hold his requested administrative hearing, and instead redistributed his property without just compensation.

**JURISDICTION AND VENUE**

2.      This action arises under Title 42 of the United States Code, § 1982 and § 1983;

COMPLAINT – 2:24-cv-288
(42 U.S.C. § 1983)

SULLIVAN LAW GROUP, PLLC
2932 HOYT AVENUE, EVERETT, WA 98201
TEL: (425) 322-1076

- 1 -

the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution; the Washington State Constitution, Laws of the State of Washington, and common law.

3.     Title 28 of the United States Code, § 1331 and § 1343 confers jurisdiction upon this Court.

4.     The unlawful acts, omissions, and practices alleged herein occurred in Snohomish County, Washington, which is within this judicial district.

5.     Title 28 United States Code § 1391(b) confers venue upon this Court.

## PARTIES

6.     Plaintiff Troy Smith, an individual, is a United States Citizen who was living in Snohomish, Washington at all times relevant to this action.

7.     Defendant Snohomish County is a local governmental entity within Washington state that has consented to be sued pursuant to RCW 4.96, and it is a public body responsible under state and federal law for the acts and omissions of its employees, officials, and contractors, including those whose conduct is at issue in this action.

8.     Defendant City of Everett is a local governmental entity within Washington state that has consented to be sued pursuant to RCW 4.96, and it is a public body responsible under state and federal law for the acts and omissions of its employees, officials, and contractors, including those of the Everett Animal Shelter, and others whose conduct is at issue in this action.

9.     The local governmental entity defendants work together to manage, operate, and determine seizures and holdings for animals by the Snohomish County Animal Control and the Everett Animal Shelter / Everett Animal Services, and set government-wide policy for conduct of agents employed by Snohomish County Animal Control and the Everett Animal Shelter /

COMPLAINT – 2:24-cv-288
(42 U.S.C. § 1983)

- 2 -

SULLIVAN LAW GROUP, PLLC
2932 HOYT AVENUE, EVERETT, WA 98201
TEL: (425) 322-1076

Everett Animal Services.

10.    The Everett Animal Shelter / Everett Animal Services and Snohomish County Animal Control are entities of and / or agents for one or more of the local governmental entity defendants which oversee and supervise the hiring, conduct, employment and discipline of their employees and agents.

11.    The local governmental entity defendants are each a "person" subject to suit within the meaning of 42 U.S.C. § 1983 under *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978).

12.    As principal-master, the local governmental entity defendants are liable for all actionable claims committed by its department / agents / employees, and particularly all named Defendants; they are liable for the constitutional violations committed by their departments / agents / and employees, pursuant to the common law.

13.    Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as "J. DOE #1 through 50, inclusive," and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false seizures and arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will

COMPLAINT – 2:24-cv-288
(42 U.S.C. § 1983)

SULLIVAN LAW GROUP, PLLC
2932 HOYT AVENUE, EVERETT, WA 98201
TEL: (425) 322-1076

- 3 -

ask leave to amend this complaint subject to further discovery.

## STATEMENT OF FACTS

14. Troy Smith is an individual living in Snohomish County, Washington.

15. Mr. Smith and his now-deceased wife supported themselves by breeding Labrador retrievers at the kennel on their property.

16. Troy Smith is the owner of Smith Kennels, which has been a licensed kennel facility since 2011.

17. On October 25, 2019, Snohomish County Animal Control seized Mr. Smith's nine dogs and two cats from Smith Kennels, pursuant to a judicially authorized warrant.

18. On November 5, 2019, Mr. Smith timely and properly filed and served a petition for the return of his animals, seeking a hearing on the seizure pursuant to RCW 16.52.085, which codifies the right to such a hearing.

19. Mr. Smith timely and properly noted the hearing to occur on November 19, 2019.

20. On November 13, 2019, Snohomish County prosecutors filed two charges of Second-Degree Animal Cruelty, with an arraignment date of December 2, 2019.

21. On November 14, 2019, Snohomish County prosecutors asked that the civil and criminal matters be joined by the Snohomish County District Court; that request was granted.

22. Notably, the cases were joined so that they would track together, but they were not merged.

23. On November 19, 2019, a scheduled hearing for Mr. Smith's petition to return his animals was scheduled to be held.

24. Mr. Smith appeared for the November 19, 2019 hearing, but the State did not, and

COMPLAINT – 2:24-cv-288
(42 U.S.C. § 1983)

SULLIVAN LAW GROUP, PLLC
2932 HOYT AVENUE, EVERETT, WA 98201
TEL: (425) 322-1076

as such, the Court took no action on the petition.

25. On December 16, 2019, one of Mr. Smith's animals was released for adoption without the local governmental entities informing him of the redistribution of his property.

26. On December 17, 2019, Mr. Smith was arraigned on the criminal charges referenced above.

27. Mr. Smith's attorney for the criminal charges did not represent him on the petition to return his property; he was *pro se* as the petitioner.

28. On December 19, 2019, Mr. Smith's counsel sought discovery from the State regarding the "present whereabouts and medical conditions of the confiscated animals."

29. On December 26, 2019, another one of Mr. Smith's animals was released for adoption, again with the local governmental entities not informing Mr. Smith of its decision to redistribute his property.

30. After years of showing up to hearings, and never being meaningfully heard on his petition to return his animals, the criminal charges were dismissed based on governmental mismanagement that deprived Mr. Smith the opportunity to investigate the criminal charges against him.

31. Instead, the government had given away and/or killed all of the animals without giving Mr. Smith or his counsels an opportunity to inspect them, even though they had requested to inspect them as part of the defense to the criminal case, and Mr. Smith had timely petitioned for their return.

32. Mr. Smith has not been afforded his due process hearing that he timely requested to petition against the ongoing seizure of his animals.

33. None of Mr. Smith's nine dogs and two cats have been returned.

34. Mr. Smith has not been paid just compensation for the taking of his property.

35. Mr. Smith's seized property has either been redistributed or killed by the local government entity defendants.

36. Mr. Smith has lost substantial business income based on the governmental taking and failure to return his property.

37. Mr. Smith has suffered economic and non-economic damages based local governmental entities improper, ongoing seizure and disposal of his property, including extreme emotional distress.

38. For years while his criminal charges and the civil petition were pending, Mr. Smith returned for hearing after hearing and watched scores of white individuals be given their due process rights and timely hearings, and it became apparent to him that the local governmental entities were treating him differently for no reason he could perceive, but for the color of his skin.

**FIRST CAUSE OF ACTION: 42 U.S.C. § 1983**
**(§ 1982 CIVIL RIGHTS VIOLATION / 14TH AMENDMENT EQUAL PROTECTION)**

39. Pursuant to 42 U.S.C. § 1982 and the Fourteenth Amendment to the United States Constitution, Mr. Smith, who is black, has the same right enjoyed by white citizens to hold personal property and to have equal protection under the law.

40. Pursuant to 42 U.S.C. §1983, every person who, under color of state law subjects a citizen of the United State to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

41. The local governmental entity defendants, through their agents, deprived Mr.

COMPLAINT – 2:24-cv-288
(42 U.S.C. § 1983)

SULLIVAN LAW GROUP, PLLC
2932 HOYT AVENUE, EVERETT, WA 98201
TEL: (425) 322-1076

- 6 -

Smith of his rights and privileges, including those secured by 42 U.S.C. §1982.

42.     Mr. Smith was injured and suffered economic and non-economic damages as a result of his deprivation of rights, privileges, and immunities.

## SECOND CAUSE OF ACTION: 42 U.S.C. §1983
## (DECLARATORY RELIEF)

43.     Mr. Smith seeks declaratory relief, ordering the Snohomish County District Court for the State of Washington to enter an order declaring the acts and practices of the local governmental entities, as applied to Mr. Smith, are unconstitutional.

## THIRD CAUSE OF ACTION: 42 U.S.C. §1983
## (INJUNCTIVE RELIEF)

44.     Mr. Smith seeks injunctive relief, directing the local governmental entities to return Mr. Smith's property to him, and / or to pay him just compensation for the property that they are unable to return, and for the lost income he would have received but for the local governmental entities' decision to redistribute and /or destroy his property beginning in December 2019.

## FOURTH CAUSE OF ACTION: 42 U.S.C. §1983
## (VIOLATION OF THE FOURTH AMENDMENT)

45.     The Fourth Amendment to the United States Constitution provides for the right of the people to be secure in their persons, houses, papers, and effects, without unreasonable searches and seizures.

46.     While Mr. Smith's property was initially seized pursuant to law, the seizure eventually developed into an unlawful seizure as the government failed to maintain it, and then chose to redistribute and / or kill each piece of Mr. Smith's property.

COMPLAINT – 2:24-cv-288
(42 U.S.C. § 1983)

- 7 -

SULLIVAN LAW GROUP, PLLC
2932 HOYT AVENUE, EVERETT, WA 98201
TEL: (425) 322-1076

47. The local governmental entity defendants acted in a way that violated Mr. Smith's right to be secure in his home and his possessions (his "effects") when the seizure became unreasonable due to length, and the government either killed or redistributing his property.

### FIFTH CAUSE OF ACTION: 42 U.S.C. §1983 (SUBSTANTIVE AND PROCEDURAL DUE PROCESS, 5TH / 14TH AMENDMENT VIOLATIONS)

48. The Fifth Amendment to the United States Constitution provides that no person shall be […] deprived of […] property, without due process of law; nor shall private property be taken for public use, without just compensation.

49. The Fifth Amendment to the United States Constitution applies to States and local governmental entities pursuant to the Fourteen Amendment to the United States Constitution

50. Mr. Smith was deprived of his property without due process of law.

51. Mr. Smith's property was taken for public use (i.e., the funds received from the adoptions), without just compensation.

### SIXTH CAUSE OF ACTION: NEGLIGENCE

52. The local governmental entity defendants and their agents owed Mr. Smith a duty to reasonably care for his property; not to destroy or redistribute it.

53. The local governmental entity defendants and their agents did not meet their duties to reasonably care for his property and to not destroy or redistribute it.

54. The above-described conduct of the local governmental entities and their agents was below the standard of care of a reasonable person acting in their capacity as an Animal Control agent.

55. Mr. Smith suffered damages as a direct and proximate cause of the acts or

COMPLAINT – 2:24-cv-288
(42 U.S.C. § 1983)

SULLIVAN LAW GROUP, PLLC
2932 HOYT AVENUE, EVERETT, WA 98201
TEL: (425) 322-1076

omissions of the local governmental entities and their agents.

### SEVENTH CAUSE OF ACTION: OUTRAGE

56.     The above-described acts of the local governmental entities and their agents has been so outrageous in character and extreme in nature as to go beyond all possible bounds of decency, and would be regarded as atrocious and utterly intolerable in a civilized community.

57.     Mr. Smith suffered damages as a direct and proximate cause of the outrageous conduct of the local governmental entities.

### *MONELL* LIABILITY, PUNITIVE DAMAGES, ATTORNEY FEES AND COSTS

58.     The local governmental entities defendants and their agents acted under color of law at all times material hereto when they seized, and then either redistributed, killed, or otherwise destroyed Mr. Smith's property.

59.     While acting under color of law, the conduct of Defendants' conduct toward Mr. Smith constituted violations of his civil rights.

60.     The misconduct described in this Count was objectively unreasonable and undertaken with willful and reckless indifference of the rights of others, violating clearly established law as described above, and directly causing damage to Troy Smith.

61.     The local governmental entity defendants had the following policies, practices, or customs in place when the deprived Mr. Smith of his property and then redistributed it and / or destroyed it (a) failing to adequately discipline agents / officers; (b) failing to adequately supervise agents / officers; and (c) failing to adequately train agents / officers concerning takings;

62.     Each of the policies, practices, or customs described above was actually known,

COMPLAINT – 2:24-cv-288
(42 U.S.C. § 1983)

SULLIVAN LAW GROUP, PLLC
2932 HOYT AVENUE, EVERETT, WA 98201
TEL: (425) 322-1076

constructively known, and/or ratified by local governmental entity defendants, its management and/or policy makers, and was promulgated with deliberate indifference to the constitutional rights of citizens like Troy Smith.

63.    The policies, practices, or customs described above were a moving force of the constitutional deprivations and injuries upon Troy Smith.

64.    The policies described above and proximately caused the damages suffered by the Mr. Smith.

65.    The conduct described was undertaken pursuant to the policies, practices, and customs of the local governmental entity defendants, such that they are liable in the following ways:

66.    because of their tacit approval of the actions of the agents of the local governmental entity defendants;

67.    because of their ratification of the conduct at issue, and thereby showing that the agents of the defendants acted pursuant to and in a manner consistent with the policies, customs, and practices of the local governmental entity defendants;

68.    because as a matter of both policy and practice, the local governmental entity defendants encouraged, and was thereby the moving force behind, the misconduct at issue here by failing to adequately train, supervise, control, and discipline its agents such that its failure to do so has manifested deliberate indifference;

69.    because as a matter of both policy and practice, the local governmental entity defendants have facilitated the very type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby foreseeably

leading its officers to believe that their actions will never be meaningfully scrutinized and, in that way, directly encouraging future constitutional violations such as those Plaintiff complains of;

70.    because the local governmental entity defendants should be held liable for the unconstitutional actions of their agents.

71.    The local governmental entities defendants, and their agents, are liable to Plaintiff for punitive damages for the constitutional violations they caused to Plaintiff in order to punish or deter further conduct like this by him as his conduct was willful, conscious, malicious, wanton, reckless with callous disregard for the constitutional rights of Mr. Smith.

## PRAYER FOR RELIEF

72.    Plaintiff requests entry of judgment in its favor and against Defendants, jointly and severally, and all Defendants and non-parties acting in concert on each and every count/cause of action as alleged herein, as follows:

73.    For general and special damages in amounts to be proven at trial;

74.    For punitive damages against each individual Defendant and others hereafter identified and added as party defendants in amounts to be proven at trial;

75.    For interest on all permissible special damages;

76.    For reasonable attorney's fees and costs;

77.    For Plaintiffs' costs, expenses and attorney's fees pursuant to all applicable statutory and constitutional authority, including but not limited, to 42 U.S.C. §1983, and

78.    For permission to amend pleadings to conform to the evidence and /or proof to be offered at trial.

COMPLAINT – 2:24-cv-288
(42 U.S.C. § 1983)

SULLIVAN LAW GROUP, PLLC
2932 HOYT AVENUE, EVERETT, WA 98201
TEL: (425) 322-1076

# JURY DEMAND

79.    Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.


DATED this 1st day of March, 2024.


By:    *s/ Brian M. Sullivan*
Brian M. Sullivan, WSBA # 38066
SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue
Everett, WA 98201
Telephone: 425-322-1076
Fax: 425-609-3760
brian@sullivanpllc.com
*Attorney for Plaintiff*

By:    *s/ Allen L. Schwenker, III*
Allen L. Schwenker, III, WSBA # 51578
SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue
Everett, WA 98201
Telephone: 425-322-1076
Fax: 425-609-3760
allen@sullivanpllc.com
*Attorney for Plaintiff*