UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TROY SMITH,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>SNOHOMISH COUNTY , et al.,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-00288-TLF<br><br>ORDER ON MOTIONS FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD |

Before the Court are Defendants Snohomish County, City of Everett, Deborah Zins, Carolyn Weikel, and Richard Wiersma's (collectively "Defendants") motion for summary judgment[1] and Plaintiff Troy Smith's cross motion for summary judgment. Dkt. 37.

Considering each party's briefs and the record, the Court GRANTS Defendants' motion for summary judgment on the grounds that Mr. Smith's claims are barred by the applicable statute of limitations. Mr. Smith's motion for summary judgment is DENIED. This case is dismissed with prejudice.

//

//

//

---

[1] On January 8, 2025, Plaintiff Troy Smith, who is proceeding pro se as of October 15, 2024, responded to Defendants' motion. Dkt. 52. The Court recognizes Plaintiff's response was untimely by two days; in light of Mr. Smith's status as a pro se litigant, however, the Court will accept Plaintiff's opposition.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
AND PLAINTIFF'S MOTION TO SUPPLEMENT THE
RECORD - 1

# FACTUAL BACKGROUND

Mr. Smith and his wife operated Smith Kennels, breeding and selling Labrador retrievers. Dkt. 40, Declaration of Deborah A. Severson, Exhibit 1 (Deposition of Troy Smith), at 8:10-18; 9:18 – 10:3. *See also* Dkt. 21, First Amended Complaint, at ¶18-19. Mrs. Smith died in 2018. Dkt. 40, Exhibit 1 at 6:3-7. In October 2019, Plaintiff had nine dogs on his property. *Id.* at 29:24 – 30:30:4; Dkt. 21, First Amended Complaint, ¶¶ 18 & 19.

On October 25, 2019, Snohomish County officers executed a search warrant at Plaintiff's property and seized nine dogs and two cats. Dkt 41, Defendants' Request for Judicial Notice, at Exhibit 1. Dkt. 21 at ¶ 20. After the seizure, Snohomish County delivered the animals to the Everett Animal Shelter. *See* Dkt. 41 at Exhibit 3.

On November 5, 2019, Mr. Smith, filed a petition for return of the animals under RCW 16.52.085, noting the petition for hearing on November 19, 2019. Dkt. 40, Exhibit 1 at 53:17-21, 54:15-23; Dkt. 21 at ¶¶ 21 & 22. On November 13, 2019, the Snohomish County Prosecutor filed two charges of Animal Cruelty in the Second Degree against Plaintiff. Dkt. 21 at ¶ 23. *See* Dkt. 41 at Exhibit 4.

In November 2019, RCW 16.52.085(5) provided that if an animal owner filed a petition for return of seized animals and animal cruelty charges were filed, then the petition "shall be joined" with the criminal matter. *See* Dkt. 41 at Exhibit 5. On November 14, 2019, the Snohomish County District Court, Evergreen Division, joined the petition for return of the animals with the animal cruelty charges against the Plaintiff, and the November 19, 2019, hearing on the petition for the return of the animals was stricken. *See* Dkt. 41 at Exhibit 6; Dkt. 21 at ¶ 27. Superior Court Judge Steven Clough

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
AND PLAINTIFF'S MOTION TO SUPPLEMENT THE
RECORD - 2

transferred to the Cascade Division as that was the correct venue for Mr. Smith's petition. Dkt. 41 at Exhibit 6.

Plaintiff alleges he requested a hearing. Dkt. 21 at ¶ 30.

On December 13, 2019, Defendant Debby Zins, then Snohomish County Animal Services Manager, released the animals to the City of Everett, Everett Animal Shelter. Dkt. 21 at ¶ 28.

Two of the animals were euthanized, and during December 2019, the remaining seized animals were adopted by other persons. Dkt. 21 at ¶¶ 35, 37 & 39. Plaintiff states he was not informed of the Defendants' decision to redistribute his property. Dkt. 21 at ¶ 31.

Plaintiff was initially represented in the criminal case by attorney Jared Issacson. Dkt. 40, Exhibit 1 at 56:10-13. In January 2020, the State of Washington was represented by Deputy Snohomish County Prosecuting Attorney Meredith Beresford. Dkt. 38, Declaration of Meredith Beresford, at ¶3. In a January 22, 2020 email exchange between Attorney Issacson and DPA Beresford, Mr. Issacson was told by DPA Beresford that the animals had been released by Snohomish County to the Everett Animal Shelter. The email exchange was as follows:

Mr. Issacson: "Also I need to know what happened to the animals. My client heard from someone that the animals had already been sold off…"

Ms. Beresford: "Animal Control released the animals to Everett Animal Shelter in December, so has not had them for several weeks now."

Mr. Issacson: "You mean the hold preventing the shelter from releasing or euthanizing the animals was removed?"

1  Ms. Beresford: "…it looks like the animals were released to the shelter a couple of weeks ago." *Id.* at Exhibit 1.

During deposition testimony, Mr. Smith admitted that in April 2020 he knew that two of the animals had been sold. Dkt. 40, Exhibit 1 at 74:8-18.

On October 24, 2022, Snohomish County received a tort claim on Mr. Smith's behalf from attorney James Deal. Dkt. 40 at Exhibit 4. The tort claim stated the date of the incident as October 25, 2019, and alleged civil rights, and other tort violations, including racial discrimination, destruction of business, theft of personal property, breaking and entering, and abuse of court process. *Id.* The complaint alleged "wrongful acts" by Snohomish County, Snohomish County Animal Control, the Snohomish County Auditor and other individuals. *Id.*

On October 25, 2022, Snohomish County received a second tort claim from Mr. Smith claiming damages for violating civil rights, racial discrimination and other torts allegedly resulting from events beginning on October 25, 2019. Dkt. 40 at Exhibit 5. On October 25, 2022, Mr. Smith filed a complaint in Snohomish County Superior Court, *Troy Smith v. Snohomish County, et al.*, case no. 22-2-06482-31, naming as Defendants Snohomish County, Snohomish County Auditor, Snohomish County Animal Control, and other individuals for damages for alleged violations of civil rights, racial discrimination, intentional infliction of emotional distress and other torts. Dkt. 41 at Exhibit 7. On October 25, 2023 the complaint in *Troy Smith v. Snohomish County, et al.*, Snohomish County Superior Court case no. 22-2-06482-31, was voluntarily dismissed without prejudice by Mr. Smith's attorney, Brian Sullivan. *Id.* at Exhibit 8.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
AND PLAINTIFF'S MOTION TO SUPPLEMENT THE
RECORD - 4

On December 16, 2022 Snohomish County received a third tort claim from Mr. Smith alleging that on October 25, 2019, Snohomish County Animal Control seized nine dogs from his property, that he filed a petition for return of the animals, and that the animals were sold forty days later. Dkt. 40 at Exhibit 6.

The criminal charges against Mr. Smith were continued until March 6, 2023, when the Snohomish County District Court Cascade Division, case no. 15772A19D, dismissed them with prejudice. Dkt. 43 at Exhibit S.

On October 25, 2023, Mr. Sullivan, on behalf of Mr. Smith, served a tort claim on the City of Everett, alleging that beginning on October 25, 2019, Mr. Smith's animals were seized by Animal Control and "redistributed" before his petition could be heard. Dkt. 39, Declaration of Marista Jorve, Exhibit 1.

Plaintiff alleges in the years he was dealing with his criminal charges and the civil petition, he "watched scores of white individuals be given their due process rights and timely hearings, and it became apparent to him that the local governmental entities were treating him differently for no reason he could perceive, but for the color of his skin". Dkt. 21 at ¶44.

Plaintiff filed this action on March 1, 2024. The First Amended Complaint alleges causes of action under 42 U.S.C. § 1982, 42 U.S.C. § 1983, 4th, 5th, and 14th amendment claims, a *Monell* claim, and two state law claims: outrage and negligence.

//
//
//
//

# DISCUSSION

## A. Summary Judgment Standard

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 32; *see also* Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. In such a circumstance,

summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.*

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." *Walls v. Cent. Contra Costa Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *See Richards v. Nielsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " *Id.* at 587 (quoting *First Nat'l Bank*, 391 U.S. at 289).

At the outset, the court notes that Mr. Smith has failed to comply with Federal Rule of Civil Procedure 56(c)(1)(A), which requires that "[a] party asserting that a fact ... is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record." Mr. Smith, in his response to Defendants' summary judgment motion, broadly refers to the "record before this Court" and the "evidence" but did not point to particular parts of the record to support his allegations. *See, e.g.*, Dkt. 52 at 7, 8, 11.

Mr. Smith relies on his two declarations attached as Exhibit 1 to his response to Defendants' motion for summary judgment, but the Court will not consider these declarations as they are unsworn. Dkt. 52-1. An unsigned declaration carries no evidentiary weight at summary judgment. *See, e.g.*, Fed. R. Civ. P. 56(c)(1)(A); 28 U.S.C. § 1746; *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) ("[I]n ruling on a motion for summary judgment, a court may substitute an unsworn declaration for a sworn affidavit if the declaration complies with 28 U.S.C. § 1746. But such documents

1 must be ... subscribed by the declarant.") (cleaned up); *Young v. Allstate Co.*, 662 F.
Supp. 3d 1066, 1072 (C.D. Cal. 2023) ("Young's declarations are fatally defective—neither was signed under penalty of perjury.... Only sworn affidavits—or unsworn declarations that are, *inter alia*, subscribed under penalty of perjury, pursuant [to] 28 U.S.C. § 1746—satisfy the requirement of Rule 56(c)(4).")

"Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted), *overruled on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). The Court, on the other hand, must also liberally construe the pleadings of a pro se litigant. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

Thus, the court considers the record before it in its entirety despite Mr. Smith's failure to be in strict compliance with the applicable rules. That said, only those assertions in the opposition which have evidentiary support in the record will be considered.

**B. Requests for Judicial Notice**

The Federal Rules of Evidence provide that judicial notice may be taken of adjudicative facts. *See* Fed.R.Evid. 201(a). A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *See* Fed.R.Evid. 201(b).

Defendants request judicial notice of several documents: (1) the October 25, 2019, search warrant authorizing search of Mr. Smith's property, (2) the inventory and return of the search warrant, (3) declaration of Debby Zins, the Animal Services Manager in

the Snohomish County Auditor's Office, filed in Snohomish County District Court, (4) the November 13, 2019, criminal complaint against Mr. Smith, (5) the version of RCW 16.52.085 in effect on November 2019, (6) the docket in *State v. Troy Smith*, Case No. C19-01453, and (7) the docket in *Troy Smith v. Snohomish County, et al.*, Snohomish County Superior Court Case No. 22-2-06482-31. Dkt. 41. Mr. Smith did not object to these requests. Dkt. 52.

Court filings and other matters of public record are proper subjects for judicial notice under Rule 201(d). *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n. 6 (9th Cir.2006). *See also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (the Court may take judicial notice of "materials incorporated into the complaint or matters of public record."). Because Defendants request that the Court take judicial notice of documents that are either documents made publicly available or are incorporated into Mr. Smith's amended complaint, the Court grants Defendants' requests.

**C. Statute of Limitations**

Defendants argue summary judgment should be granted in their favor because the statute of limitations bars Mr. Smith's claims under 42 U.S.C §1982, 42 U.S.C §1983, outrage and negligence. The Court agrees.

Because the statute of limitations is an affirmative defense, the Defendants bear the burden on its statute of limitations argument. *See Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007) ("[B]ecause the statute of limitations is an affirmative defense, the defendant bears the burden of proving that the plaintiff filed beyond the limitations period." (citations omitted)); *Precision Airmotive Corp. v. Rivera*,

288 F. Supp. 2d 1151, 1153 (W.D. Wash. 2003) ("Under Washington law, where a defendant moves for summary judgment on the basis of an affirmative defense such as the appropriate statute of limitations, the defendant bears the initial burden of proving the absence of an issue of material fact as to that defense." (citations omitted)).

    i.    <u>42 U.S.C §1983</u>

Because § 1983 does not contain its own statute of limitations, the Court applies the forum state's limitations period for personal injury claims. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In Washington, this provision is found in Washington Revised Code § 4.16.080(2). Thus, Washington courts apply a three-year statute of limitations period to § 1983 claims. *Rose v. Rinaldi,* 654 F.2d 546, 547 (9th Cir.1981); *Hayes v. City of Seattle,* 76 Wn. App. 877, 880-881 (1995).

The next question is when this statute of limitations period began to run. "[F]ederal law governs when a cause of action accrues and the statute of limitations begins to run in a § 1983 action." *Cabrera v. City of Huntington Park,* 159 F.3d 374, 379 (9th Cir.1998). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers*, 174 F.3d at 991.

Defendants state Mr. Smith knew or had reason to know of the injury forming the basis of this action on October 25, 2019 (the date on which the search warrant was executed), as shown by what was alleged in Mr. Smith's October 24, 2022, October 25, 2022, and December 16, 2022, tort claims. In his tort claims, Mr. Smith stated that the date of the relevant incident was October 25, 2019.

Mr. Smith argues he is entitled to equitable tolling, however, because the "Defendants' conduct obscured the true status of the animals, frustrating Plaintiff's ability to assert his claims in a timely manner." Dkt. 52 at 4.

Federal courts apply the forum state's law on equitable tolling for actions arising under 42 U.S.C. § 1983. *Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 377-78 (2004). In Washington State, equitable tolling is applied "sparingly." *Trotzer v. Vig,* 149 Wn. App. 594, 607, 203 P.3d 1056, 1062 (Wash. Ct. App. 2009).

In Washington, equitable tolling is permitted when justice requires and where the predicates for equitable tolling are met. *In re Bonds*, 196 P.3d 672, 676 (Wash. 2008) (citing *Millay v. Cam*, 955 P.2d 791 (Wash. 1998)). The predicates for equitable tolling are (1) bad faith, deception or false assurances by the defendant and (2) the exercise of diligence by the plaintiff. *Id.* The defendant's actions must have "induced plaintiff to delay commencing suit until the applicable statute of limitations has expired." *Brandt v. Lehman*, 2008 WL 714099 (W.D. Wash. March 14, 2008). The party asserting that equitable tolling applies bears the burden of proof. *Nickum v. City of Bainbridge Island*, 223 P.3d 1172, 1178 (2009).

Equitable tolling is also allowed "when justice requires," and "equitable tolling is appropriate when consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations." *Millay v. Cam*, 955 P.2d 791, 797 (Wash. 1998) (quoting *Douchette v. Bethel Sch. Dist. No. 403*, 818 P.2d 1362 (Wash. 1995)).

Washington courts have found that "justice requires" equitable tolling in limited instances, including when the plaintiff failed to file within the limitations period because

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
AND PLAINTIFF'S MOTION TO SUPPLEMENT THE
RECORD - 12

of procedural deficiencies that were not caused by the plaintiff. But this is a rare circumstance. *E.g.*, *Hahn v. Waddington*, 694 F. App'x 494 (9th Cir. 2017) (finding that because the district court erred by dismissing rather than transferring venue to district where remaining defendants resided, and by the time plaintiff received notice of dismissal, statute of limitations had expired, plaintiff entitled to equitable tolling if he exercised due diligence); *In re Bonds*, 196 P.3d 672, 676-77 (Wash. 2008) (refusing to apply equitable tolling when plaintiff alleged the court's inaction in reviewing the merits of his petition made a public trial issue undiscoverable until after limitations period had run).

Mr. Smith broadly claims Defendants misled him about what was happening with his animals, purposefully concealing information. Mr. Smith presents no facts indicating that justice requires tolling the statute of limitations for a claim brought a year after the limitations period expired; Mr. Smith makes a conclusory argument. Granting equitable tolling when a conclusory allegation of a generalized threat is the basis for delaying the commencement of an action would extend equitable tolling beyond "the narrowest of circumstances and where justice requires." *In re Carter*, 263 P.3d 1241, 1248 (Wash. 2011) (en banc).

Further, even if the Court were to accept that Mr. Smith did not understand the full scope of his injury in 2019 or Defendants obstructed Mr. Smith's ability to file a case, Mr. Smith admits that he had the information required to pursue a cause of action for this injury after the email exchange between Attorney Issacson and DPA Beresford on January 22, 2020. *See* Dkt. 52, Plaintiff's Response to Defendants' Summary Judgment Motion, at 4 ("In the present case, Plaintiff could not have reasonably discovered the full

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
AND PLAINTIFF'S MOTION TO SUPPLEMENT THE
RECORD - 13

scope and nature of the injury –the adoption and euthanasia of his animals – until after the January 2020 email exchange between Plaintiff's counsel and the prosecutor. The communication definitively revealed the actions taken with respect to Plaintiff's property, thereby triggering the accrual of his claims."); Dkt. 40, Declaration of Deborah A. Severson, Exhibit 1 at 74:8-18. During his deposition, Mr. Smith admitted knowing what had happened to his dogs by April 2020. *See id.* Thus, to be within the statute of limitations, Mr. Smith would have needed to file his federal lawsuit by April 2023.

Because Mr. Smith did not file his complaint until March 2024, his Section 1983 claims are time barred.

### ii.   42 U.S.C § 1982

Similar to claims raised under 42 U.S.C § 1983, the statute of limitations for bringing a 42 U.S.C. §1982 claim is also three years, as determined by reference to the statute of limitations under the Washington Law Against Discrimination. *Mitchell v. Sung*, 816 F.Supp. 597, 600 (N.D. Cal. 1993) ("because section 1982 does not have a statute of limitations, courts apply the applicable state statute of limitations"); Wash. Rev. Code § 4.16.080(2).

As discussed in the previous section, it appears Mr. Smith knew of his alleged injuries after October 25, 2019. Even if he did not, however, Mr. Smith himself admits that he was aware of the injuries that form the basis of this action by April 2020 when he learned of the conversation between Attorney Issacson and DPA Beresford on January 22, 2020. Thus, similar to his claim under Section 1983, Mr. Smith would have had to bring his Section 1982 claim by 2023. Because he did not file this action until 2024, Mr. Smith's 42 U.S.C § 1982 claim is barred by the statute of limitations.

### iii. Negligence and Outrage

Three years is also the applicable limitations period for Mr. Smith's negligence and outrage claims. *See* RCW 4.16.080(2); *see also Woods View II, LLC v. Kitsap Cty.*, 352 P.3d 807, 816 (2015) (negligence); *Fenner v. U.S. Bank of Washington,* 97 Wash.App. 1047 (Wash.Ct.App.1999) (outrage).

Washington has what the Ninth Circuit has referred to as a "special statute of limitations" for tort claims against local government entities. *See* RCW 4.96.020(4); *Boston v. Kitsap Cty.*, 852 F.3d 1182, 1185-88 (9th Cir. 2017) (discussing whether RCW 4.96.020(4) is a "special statute of limitations" or a "tolling provision"). RCW 4.96.020(4) requires parties to present tort claims against local government entities to the entity and then wait 60 days before filing suit. RCW 4.96.020(4). That statute also states that "[t]he applicable period of limitations within which an action must be commenced shall be tolled during the sixty calendar day period." *Id.*; *see also Castro v. Stanwood Sch. Dist. No. 401*, 86 P.3d 1166, 1168 (2004) ("Under RCW 4.96.020(4), the tolling provision temporarily stops, but then resumes, the period of time within which the plaintiff must file a lawsuit against a local governmental entity. Essentially, the provision adds 60 days to the end of the otherwise applicable statute of limitations.").

If Mr. Smith knew or should have known about "the injury which is the basis of the action" by October 25, 2019, Mr. Smith's negligence and outrage claims would be barred even when adding an additional 60 days to the statute of limitation because he would have needed to file this action by December 24, 2022. Even if the Court relies on April 2020 as the time at which Mr. Smith knew of his injuries, his claims would be barred because he would have had to file his federal action by June 2023.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
AND PLAINTIFF'S MOTION TO SUPPLEMENT THE
RECORD - 15

In sum, the Court concludes Defendants have carried their burden to show that there is no genuine dispute of material fact that Mr. Smith's federal and state law claims accrued by October 25, 2019, or April 2020, at the latest. Thus, because Mr. Smith did not file this lawsuit until March 1, 2024, Mr. Smith's claims are barred by the statute of limitations, meaning that Defendants are entitled to judgment as a matter of law.

The court therefore GRANTS the City's motion for summary judgment.

**D. Plaintiff's Summary Judgment Motion**

Mr. Smith filed a separate motion arguing he is entitled to summary judgment. Mr. Smith's motion for summary judgment consists of a list of supporting evidence he is relying on and descriptions for each piece of evidence. Dkt. 43. Mr. Smith separately moved to supplement the record on the same day he moved for summary judgment. Dkt. 42. The exhibits attached to the motion to supplement are duplicative of the exhibits attached to Mr. Smith's motion for summary judgment. Thus, the Court denies Mr. Smith's motion to supplement the record as moot.

Mr. Smith appears to argue that his claims are not time-barred because he filed *Troy Smith v. Snohomish County, et al.*, case no. 22-2-06482-31 in 2022, and he asserts the filing of that suit would toll the statute of limitations.

On October 25, 2023 the complaint in *Troy Smith v. Snohomish County, et al.*, Snohomish County Superior Court case no. 22-2-06482-31, was voluntarily dismissed without prejudice by Mr. Smith's attorney, Brian Sullivan. A voluntary dismissal generally does not toll the statute of limitations for the dismissed claims for the period during which those claims were pending. Absent a statute to the contrary, a voluntary dismissal "leaves the situation the same as if the suit had never been brought in the first place."

*Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959). The plaintiff "cannot deduct from the period of the statute of limitations applicable to his case" the time that the voluntarily dismissed claims were pending. *Id.* at 412 n.1 (quoting 34 Am. Jur. *Limitation of Actions* § 281). This principle is "well se*tt*led." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367 (4th ed. 2023) (collecting cases). Mr. Smith's Superior Court case did not toll the statute of limitations because he voluntarily dismissed the case.

Defendants argue that Mr. Smith's claims are time-barred and Mr. Smith failed to show extraordinary circumstances that justified equitable rolling[2]. The Court agrees as discussed above. Thus, the Court DENIES Plaintiff's summary judgment motion and DISMISSES this action with prejudice[3].

## CONCLUSION

The Court GRANTS Defendants' motion for summary judgment, and DENIES Mr. Smith's motion for summary judgment. This case is dismissed with prejudice. The Clerk is instructed to close the case.

Dated this 27th day of February, 2025.

Theresa L. Fricke
United States Magistrate Judge

---

[2] If Plaintiff is raising a malicious prosecution claim in his summary judgment motion relating to his underlying criminal matter, this claim is being raised for the first time. It is impermissible to add a new claim or assert a new legal theory for the first tie at the summary judgment stage. *See Echlin v. PeaceHealth*, 887 F.3d 967, 977–78 (9th Cir. 2018).

[3] Because the court determined that Mr. Smith's claims are time-barred, the court will not address the alternative grounds for summary judgment presented in the either summary judgment motions.

ORDER ON MOTIONS FOR SUMMARY JUDGMENT
AND PLAINTIFF'S MOTION TO SUPPLEMENT THE
RECORD - 17