UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY SMITH,

      Plaintiff,

v.

SNOHOMISH COUNTY, et al.,

      Defendants.

Case No. 2:24-cv-00288-TLF

ORDER ON RECUSAL

This matter comes before the Court on Plaintiff Troy Smith's "Statement for Complaint of Judicial Misconduct[1]." Dkt. 60. Mr. Smith filed this motion after the Court entered an order granting Defendants' motion for summary judgment and dismissing Mr. Smith's claims under 42 U.S.C. § 1982, 42 U.S.C. § 1983, 4th, 5th, and 14th amendment, a Monell claim, and his two state law claims, outrage and negligence, with prejudice.

The Court interprets this as a motion requesting Magistrate Judge Theresa L. Fricke to recuse herself from this case. Mr. Troy states, "in the name of justice, Mr. Smith needs this case to be seen by another Judge, not a magistrate, instead of being

---

[1] This motion is duplicative, in part, to Plaintiff's Motion Opposing Statement in Response to the Order on Motion for Summary Judgment and Motion to Supplement the Record. Dkt. 58. The Court interprets this as a motion for reconsideration on the Court's order granting Defendants' motion for summary judgment. Dkt. 56. Because Mr. Smith challenges the impartiality of the Magistrate Judge, any ruling on the merits of the motion for reconsideration is put on hold, pending the outcome of the motion to remove the Magistrate Judge.

ORDER ON RECUSAL - 1

dismissed with prejudice because of bias.[2]" He further states, "Magistrate Fricke refused to allow Mr. Smith to use his evidence, which is biased and not based on law." Dkt. 60 at 6.

A judge of the United States shall disqualify herself from a proceeding in which her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge of the United States shall disqualify herself under circumstances where she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Normally, a judge should not be recused when the only basis for the motion to recuse is that the judge made adverse rulings in the case where the party seeks disqualification of the judge. *Liteky v. U.S.,* 510 U.S. 540, 555 (1994); *In re Marshall,* 721 F.3d 1032 (9th Cir. 2013).

Pursuant to 28 U.S.C. § 144, a judge shall proceed no further "whenever a party to any proceeding in a district court files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [the filing party] or in favor of any adverse party." In addition, 28 U.S.C. § 455 reiterates the "grounds for recusal set forth in § 144 . . . [and] (1) made them applicable to *all* justices, judges, and magistrate judges (and not just district judges), and (2) placed the obligation to identify the existence of those grounds upon the judge himself, rather than requiring recusal only in response to a party affidavit." *Liteky,* 510 U.S. at 548 (emphasis in original).

---

[2] It is unclear if Mr. Smith is also stating he did not consent to the Magistrate Judge's jurisdiction. The parties were provided with a Notice of Assignment to a US Magistrate Judge and Declination of Consent Form on March 18, 2024. Dkt. 8. The parties were informed that if the form was not returned by March 25, 2024, the parties will be deemed to have knowingly and voluntarily consented to proceed before the Magistrate Judge. The parties did not return the form; the case was assigned to Magistrate Judge Theresa Fricke on April 8, 2024. Dkt. 11.

ORDER ON RECUSAL - 2

Under both §144 and § 455, recusal of a federal judge is appropriate for either actual bias or appearance of bias, if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective test. *Preston v. United States,* 923 F.2d 731, 734 (9th Cir. 1992).

United States District Court for the Western District of Washington Local Civil Rule, LCR 3(f) additionally provides:

**(f) Motions to Recuse**

> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Generally, personal bias or prejudice under § 144 or § 455 must stem from an extrajudicial source. *Liteky*, 510 U.S. at 544 (1994); *U.S. v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997). Thus "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" because they cannot show reliance upon an extrajudicial source. *Liteky*, 510 U.S. at 555.

And, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Thus, Mr. Smith would need to demonstrate bias stemming from an extrajudicial source or a deep-seated favoritism to provide grounds for recusal under § 144 or § 455.

*See U.S. v. Sibla,* 624 F.2d 864, 868-869 (9th Cir. 1980) (court should initially determine whether the facts alleged in the affidavit submitted by the party seeking recusal are legally sufficient to support the motion, and refer the motion to another judge to determine the merits).

Mr. Smith has not pointed to evidence of any extrajudicial source for the alleged bias. There are no allegations of any facts or instances showing a "deep-seated bias" that would make fair judgment impossible. The allegations are conclusory, which "are insufficient to support a claim of bias or prejudice such that recusal is required." *U.S. v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (internal quotations omitted). A reasonable person with knowledge of all the facts would not conclude that the judge's impartiality might reasonably be questioned. The Magistrate Judge firmly maintains she has done nothing that would create the appearance of bias and has no reason to be partial to one side or the other.

## CONCLUSION

In accordance with LCR 3(f), Plaintiff's motion for recusal of the Magistrate Judge shall be referred to the Chief Judge for a determination of its merits, and to consider whether Plaintiff did consent to the jurisdiction of the Magistrate Judge.

Plaintiff's motion for recusal of the undersigned is **REFERRED** to Chief Judge David Estudillo for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Estudillo's motion calendar.

This action and all motions currently pending before the Court are hereby **STAYED** pending resolution of the recusal issue. No further motions shall be filed in this

ORDER ON RECUSAL - 4

matter until the stay is lifted. Any motion filed while the matter is stayed shall not be considered and shall be dismissed as prematurely filed. The Clerk of the Court shall send a copy of this Order to Plaintiff.

Dated this 24th day of March, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER ON RECUSAL - 5