UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TROY T. SMITH,<br><br>              Plaintiff,<br><br>      v.<br><br>SNOHOMISH COUNTY et al.,<br><br>              Defendant. | CASE NO. 2:24-cv-00288-TLF<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 61) |

This matter comes before the Court on Magistrate Judge Theresa L. Fricke's Order on Recusal.  (Dkt. No. 61.)  Judge Fricke's Order is referred to the undersigned pursuant to Local Civil Rule 3(f) which provides that whenever a judge in this District declines to voluntarily recuse his or herself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." LCR 3(f).

|   |   |
|---|---|
| 1 | Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is |
| 2 | required if a judge's impartiality might reasonably be questioned or if the judge harbors personal |
| 3 | bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive |
| 4 | from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL |
| 5 | 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. |
| 6 | 1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is |
| 7 | appropriate if "a reasonable person with knowledge of all the facts would conclude that the |
| 8 | judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, |
| 9 | 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance |
| 10 | of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. |
| 11 | 1992). |
| 12 | All of Plaintiff's complaints against Judge Fricke arise out of Judge Fricke's rulings in |
| 13 | this matter: "Magistrate [Judge] Fricke just repeated what the opposing side said" (Dkt. No. 60 at |
| 14 | 3); "I will list the mistakes and errors Magistrate [Judge] Fricke included in her dismissal to |
| 15 | demonstrate that Magistrate [Judge] was biased" (*id*.); "Magistrate [Judge] Fricke also |
| 16 | contradicts herself in the dismissal" (*id*. at 4); [t]here are too many inaccuracies in Magistrate |
| 17 | [Judge] Fricke's dismissal to list them all" (*id*. at 5.); and "[n]one of the grounds for dismissal |
| 18 | that Magistrate [Judge] Fricke is using is (*sic*) based on logic or law" *id*. at 6).  Thus, Plaintiff |
| 19 | asks "this case to be seen by another Judge, not a magistrate [judge.]"  (*Id*.) |
| 20 | Adverse rulings cannot serve as the basis for a recusal motion.  *United States v. Studley*, |
| 21 | 783 F.2d 934, 939 (9th Cir. 1986) ("alleged prejudice must result from an extrajudicial source; a |
| 22 | judge's prior adverse ruling is not sufficient cause for recusal"); *United States v. Nelson*, 718 |
| 23 | F.2d 315, 321 (9th Cir. 1983) ("Adverse rulings do not constitute the requisite bias."). |
| 24 |   |

1  Plaintiff has presented no arguments or evidence that could reasonably call Judge
2  Fricke's impartiality into question.  Accordingly, the Court **AFFIRMS** Judge Fricke's denial
3  (Dkt. No. 61) of Plaintiff's motion for recusal (Dkt. No. 60).

4

5  Dated this 3rd day of April, 2025.

_____
David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 61) - 3