UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TROY SMITH,<br><br>                              Plaintiff,<br><br>          v.<br><br>SNOHOMISH COUNTY , et al.,<br><br>                              Defendants. | Case No. 2:24-cv-00288-TLF<br><br>ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. 58) |

This matter comes before the Court on Plaintiff Troy Smith's "Opposing Statement in Response to the Order on Summary Judgment and Plaintiff's Motion to Supplement the Record". Dkt. 58[1]. Mr. Smith asks the Court to overturn a previous order: the Court's Order dated February 27, 2025, granting Defendants' summary judgment motion, denying Mr. Smith's summary judgment motion, and dismissing Mr. Smith's case with prejudice. Dkts. 56, 57.

Mr. Smith states he brings this motion under Rule 72 of the Federal Rules of Civil Procedure, which states: within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the

---

[1] On March 14, 2025, Mr. Smith filed a "State for Complaint of Judicial Misconduct," which the Court interpreted as a motion requesting Magistrate Judge Theresa L. Fricke to recuse herself from this case. Dkt. 60. Mr. Smith's recusal request was referred to Chief United States District Judge David Estudillo on March 24, 2025. Dkt. 61. Chief Judge Estudillo denied Mr. Smith's motion, finding the request for recusal did not identify any facts about Judge Fricke's conduct that would suggest impartiality was lacking. Dkt. 64.

ORDER ON PLAINTIFF'S MOTION FOR
RECONSIDERATION (DKT. 58) - 1

proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient. Fed. R. Civ. P 72(b)(1).

Under 28 U.S.C. 636(c)(1), a magistrate judge, with the parties' consent, can "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." Subsection (c)(3) provides: "Upon entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court. The consent of the parties allows a magistrate judge designated to exercise civil jurisdiction under paragraph (1) of this subsection to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure."

Because the parties consented to the undersigned's jurisdiction, Rule 72(b) does not apply. Dkt. 11 (consent); Dkt. 13 at 2 (Joint Status Report). Mr. Smith can and has appealed the Court's Order to the Ninth Circuit. *See* 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 73(c). Dkt. 62.[2]

Although Mr. Smith states he makes this request under Rule 72 of the Federal Rules of Civil Procedure, the motion can be interpreted as a request for reconsideration

---

[2] Under Fed. R. Civ. P. 62.1(a)(2), this Court may enter an order denying reconsideration, even though Mr. Smith has filed a notice of appeal.

ORDER ON PLAINTIFF'S MOTION FOR
RECONSIDERATION (DKT. 58) - 2

under Western District of Washington Local Civil Rule (LCR) 7(h). Under LCR 7(h)(1), motions for reconsideration are disfavored and will ordinarily be denied unless there is a showing of: (1) manifest error in the ruling, or (2) new facts or legal authority that could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Motions for reconsideration serve a limited function. " '[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (alteration in original) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice, and Procedure § 4478 at 790).

    Mr. Smith has not shown that there was a manifest error, injustice, or new facts or legal authority that could not have been brought to the attention of the Court earlier.

    Mr. Smith states the Court should not have dismissed his malicious prosecution claim as barred by the statute of limitations. His complaint alleges causes of action under 42 U.S.C. § 1982, 42 U.S.C. § 1983, a claim for violation of equal protection under the Fourteenth Amendment, a Fifth Amendment claim for taking property without just compensation, a Fourth Amendment claim for unlawful search and seizure, a *Monell* claim, and two state law claims: outrage and negligence. Dkt. 21, First Amended Complaint, at 7-12. These claims were dismissed with prejudice.

    "Malicious prosecution, by itself, does not constitute a due process violation. . ." *Freeman v. City of Santa Anna*, 68 F.3d 1180, 1189 (9th Cir. 1995). To prevail on a Section 1983 malicious prosecution claim, under the Due Process Clause, plaintiff is required to "show that the defendants prosecuted [him] . . . for the purpose of denying

1  [him] equal protection or another specific constitutional right." *Awabdy v. City of*
2  *Adelanto,* 368 F.3d 1062, 066 (9th Cir. 2004). Plaintiff must also show the defendants
3  acted with malice, and lacked probable cause to prosecute him. *Freeman*, 68 F.3d at
4  1189.

5      In addition to these elements, federal courts, in considering whether plaintiff has
6  stated the elements of a malicious prosecution claim, look to state law. *Mills v City of*
7  *Covina,* 921 F.3d 1161, 1169 (9th Cir. 2019). Under Washington law, there are five
8  elements that plaintiff must prove: "(1) the defendant began or continued a prosecution;
9  (2) without probable cause; (3) with malice; (4) in a proceeding terminated in the
10 plaintiff's favor; (5) to plaintiff's injury." *Lassiter v. City of Bremerton,* 556 F.3d 1049,
11 1054 (9th Cir. 2009) (citing *Clark v. Baines,* 150 Wn.2d 905, 911 (2004)).

12     Mr. Smith did not raise a malicious prosecution claim in his complaint; this claim
13 was not ruled upon by the Court, as it was not raised in the complaint. It is
14 impermissible to add a new claim or assert a new legal theory for the first time at the
15 summary judgment stage. *See Echlin v. PeaceHealth*, 887 F.3d 967, 977–78 (9th Cir.
16 2018). The First Amended Complaint did not allege that the police or the prosecuting
17 attorney lacked probable cause for the criminal charges; the factual allegation was that
18 "criminal charges were dismissed based on governmental mismanagement". Dkt. 21, at
19 6.

20 //
21 //
22 //
23 //

ORDER ON PLAINTIFF'S MOTION FOR
RECONSIDERATION (DKT. 58) - 4

The Court did not address Mr. Smith's malicious prosecution claim, as it was not raised in his First Amended Complaint (Dkt. 21). Because Mr. Smith has not met his burden under LCR 7(h), the motion for reconsideration is DENIED.

Dated this 15th day of April, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge